Filed 11/16/20  P. v. Martinez CA2/5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE, | B298649 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. KA088341) |
| v. | |
| LUIS MARTINEZ et al., | |
| Defendants and Appellants. | |

APPEAL from orders of the Superior Court of Los Angeles County, Robert Perry, Judge.  Reversed and remanded.

Jonathan E. Demson, under appointment by the Court of Appeal, for Defendant and Appellant Luis Martinez.

Steven Schorr, under appointment by the Court of Appeal, for Defendant and Appellant Efrain Prado.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Charles S. Lee and Stephanie C. Santoro, Deputy Attorneys General, for Plaintiff and Respondent.

———————————————

Defendants and appellants Luis Martinez and Efrain Prado appeal from the denial of their petitions for resentencing pursuant to Penal Code section 1170.95[1] and Senate Bill No. 1437 (Senate Bill 1437).  Defendants contend, and the People concede, that the trial court erred by (1) denying their petitions on the ground that Senate Bill 1437 is unconstitutional, and (2) summarily denying defendants' petitions without first appointing counsel.  We reverse the trial court's orders and remand for further proceedings in accordance with section 1170.95, subdivision (c).

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

# PROCEDURAL HISTORY[2]

In separate jury trials, Martinez and Prado were convicted of the first degree murder of Marquise Le Blanc on April 17, 2009. (§ 187, subd. (a).) Defendants were among nine people charged with killing LeBlanc in a brutal mass beating. LeBlanc ultimately died of a fatal stab wound to the heart, which was followed by a fatal gunshot to the head. Although defendants participated in the beating, neither was charged with stabbing or shooting LeBlanc. Instead, both were tried as aiders and abettors in the attack that resulted in LeBlanc's death.

In both cases, the jury found that the murder was committed for the benefit of a criminal street gang (§ 186.22, subd. (b)(1)(C)), and that a principal personally and intentionally discharged a firearm proximately causing the victim's death (§ 12022.53, subds. (d), (e)(1)). Defendants were sentenced to 50 years to life in state prison. We affirmed the judgment in both cases.

Following our Supreme Court's decision in *People v. Chiu* (2014) 59 Cal.4th 155, which held that an aider and abettor may not be convicted of first degree premeditated murder under the natural and probable consequences doctrine, we reversed Prado's and Martinez's convictions and

---

[2] The summary of the underlying proceedings is taken from our prior unpublished opinions in *People v. Martinez* (Jan. 9, 2014, B242710) and *People v. Prado* (Mar. 6, 2014, B243204).

permitted the prosecution to retry defendants or accept reduced convictions of second degree murder. (*People v. Prado et al.* (Jan. 13, 2015, B243204 [nonpub. opn.].) The People elected not to retry defendants, and their convictions were reduced to second degree murder.

On September 30, 2018, the Governor signed Senate Bill 1437. (*People v. Martinez* (2019) 31 Cal.App.5th 719, 722.) "The legislation, which became effective on January 1, 2019, addresses certain aspects of California law regarding felony murder and the natural and probable consequences doctrine by amending Penal Code sections 188 and 189, as well as by adding Penal Code section 1170.95, which provides a procedure by which those convicted of murder can seek retroactive relief if the changes in law would affect their previously sustained convictions." (*Id.* at pp. 722–723.)

In February 2019, defendants both petitioned to be resentenced under section 1170.95, and requested that counsel be appointed to them. The People opposed both petitions, arguing that Senate Bill 1437 was unconstitutional.

On March 22, 2019, the trial court denied both petitions because it concluded that, based on the facts as recited in our unpublished opinions, defendants both intended to kill LeBlanc. Alternatively, the trial court found section 1170.95 unconstitutional for impermissibly amending Propositions 7 and 115, violating Marsy's Law, and violating the separation of powers doctrine with respect to the powers of the judiciary and the governor.

## DISCUSSION

On appeal, defendants argue that section 1170.95 and Senate Bill 1437 are constitutional, and that they were entitled to appointment of counsel because they alleged facts that, if proven true, would entitle them to relief. Prado additionally argues that the trial court erred by considering the People's opposition prior to appointing him counsel and considering his reply. Defendants assert that the cause must be remanded with instructions to the trial court to appoint counsel, issue an order to show cause, and hold a hearing to determine their entitlement to relief.

The People agree that section 1170.95 and Senate Bill 1437 are constitutional. The People also agree that defendants are entitled to counsel, but for a different reason: because the record does not demonstrate that defendants are ineligible for relief under section 1170.95 as a matter of law.

We agree with the parties that Senate Bill 1437 and section 1170.95 are constitutional. Contrary to defendants' position that a trial court is required to appoint counsel even absent a prima facie showing, we have previously held that a petitioner is entitled to counsel only after he "has made a prima facie case that he falls within [the statute's] provisions" as required by section 1170.95, subdivision (c), and we maintain that view.[3] (*People v. Torres* (2020) 46

---

[3] Although we hold that a petitioner is *entitled* to counsel only after making a prima facie showing that he falls within section 1170.95's provisions, our holding does not

5

Cal.App.5th 1168, 1177–1178 (*Torres*), review granted June 24, 2020, S262011; see also *People v. Smith* (2020) 49 Cal.App.5th 85, 92 (*Smith*), review granted July 22, 2020, S262835.) However, because we conclude that defendants have made the initial prima facie showing under section 1170.95, subdivision (c), they are nonetheless entitled to appointment of counsel.[4]

### *Constitutionality*

The trial court denied defendants' petitions on the basis that Senate Bill 1437 unconstitutionally (1) amends section 190, which was passed by referendum in 1978 through Proposition 7, and cannot be amended or repealed except by the people's vote; (2) amends Proposition 115 without a two-thirds majority vote; (3) conflicts with Marsy's Law (Art. 1, § 28, subd. (a)(6), § 29); (4) violates the separation of powers with respect to the governor's power of clemency; and (5) violates the separation of powers with respect to the judiciary's power to resolve specific controversies. The People concede, and we agree, that this was error.

---

preclude a trial court from appointing counsel at an earlier stage of the proceedings in its discretion.

[4] Because we reverse for the trial court to appoint counsel and conduct further proceedings, we need not decide whether the court erred by considering the People's opposition in Prado's case.

6

We have previously held that Senate Bill 1437 does not unconstitutionally amend Proposition 7, and we have no reason to deviate from our prior holding. (*Smith, supra,* 49 Cal.App.5th at pp. 91–92.) The remaining constitutional challenges have been considered and rejected by numerous courts. (*People v. Lamoureux* (2019) 42 Cal.App.5th 241; accord *People v. Nash* (2020) 52 Cal.App.5th 1041; *People v. Lopez* (2020) 51 Cal.App.5th 589; *People v. Alaybue* (2020) 51 Cal.App.5th 207; *People v. Johns* (2020) 50 Cal.App.5th 46; *People v. Prado* (2020) 49 Cal.App.5th 480; *People v. Bucio* (2020) 48 Cal.App.5th 300; *People v. Solis* (2020) 46 Cal.App.5th 762; *People v. Cruz* (2020) 46 Cal.App.5th 740; *People v. Superior Court* (*Gooden*) (2019) 42 Cal.App.5th 270.) We agree with the results reached in these cases, and as the parties are also in agreement that Senate Bill 1437 is not unconstitutional on any of these bases, we do not address the issue further here.

### *Merits and Appointment of Counsel*

Through section 1170.95, Senate Bill 1437 created a petitioning process by which a defendant convicted of murder under the natural and probable consequences doctrine can petition to have his or her conviction vacated and be resentenced. Section 1170.95 initially requires a court to determine whether a petitioner has made a prima facie showing that he or she falls within the provisions of the statute as set forth in subdivision (a), including that "(1) [a]

complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine[,] [¶] (2) [t]he petitioner was convicted of first degree or second degree murder following a trial or accepted a plea offer in lieu of a trial at which the petitioner could be convicted for first degree or second degree murder[, and] [¶] (3) [t]he petitioner could not be convicted of first or second degree murder because of changes to Section 188 or 189 made effective January 1, 2019." (See § 1170.95, subd. (c).) If it is clear from the record of conviction that the petitioner cannot establish eligibility as a matter of law, the trial court may deny the petition.[5] (*People v. Verdugo* (2020) 44 Cal.App.5th 320, 323, 329–330 (*Verdugo*), review granted Mar. 18, 2020, S260493.) If, however, a determination of eligibility requires an assessment of the evidence concerning the commission of the petitioner's offense, the trial court must appoint counsel and permit the filing of the

---

[5] For example, if the jury was not instructed on a natural and probable consequences or felony murder theory of liability, the petitioner could not demonstrate eligibility as a matter of law because relief is restricted to persons convicted under one of those two theories. (See *People v. Lewis* (2020) 43 Cal.App.5th 1128, 1138–1139 (*Lewis*), review granted Mar. 18, 2020, S260598 [appellate court opinion holding that jury convicted defendant of murder as a direct aider and abettor barred defendant from relief as a matter of law].)

submissions contemplated by section 1170.95. (*Id.* at p. 330; *Lewis*, *supra*, 43 Cal.App.5th at p. 1140.)

Here, the trial court denied both defendants' petitions on the basis of an analysis of the facts underlying their convictions without first allowing them the opportunity to file briefs with the assistance of counsel. We disagree with defendants that a trial court is required to appoint counsel even absent a prima facie showing. (*Torres*, *supra*, 46 Cal.App.5th at pp. 1177–1178; *Smith*, *supra*, 49 Cal.App.5th at p. 92.) However, because we have concluded that Senate Bill 1437 and section 1170.95 are constitutional, and we can discern no basis in the record for barring either defendant from eligibility as a matter of law, defendants must be permitted to proceed to the next stage of review under section 1170.95, subdivision (c), in which the trial court evaluates, after appointment of counsel (as requested) and briefing, whether the facts and circumstances of the offense(s) prevent the petitioner from making "a prima facie showing that [he] is entitled to relief."

## DISPOSITION

The trial court's orders denying Martinez and Prado's resentencing petitions are reversed.  We remand for the trial court to appoint counsel and conduct further proceedings in accordance with the terms of section 1170.95.


MOOR, J.

We concur:


BAKER, Acting P. J.


KIM, J.

10